Justice PATTERSON,
dissenting.
In its recent decision in Fernandez v. California, 571 U.S. --, 134 S.Ct. 1126, 188 L.Ed.2d 25 (2014), the United States Supreme Court confirmed that an occupant’s consent to a police search of a residence is effective unless a co-tenant who is present at the scene objects to the search. The Supreme Court reaffirmed its holding in Georgia v. Randolph, 547 U.S. 103, 106, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), and settled a debate about the reach of that decision. Following Fernandez, supra, federal search and seizure law regarding this issue is clear: unless there is an objecting co-tenant present at the scene, or evidence that police removed a co-tenant from the residence to avoid a potential objection, the consent of a person with appropriate authority authorizes the warrantless search of a residence. 571 U.S. at -, 134 S.Ct. at 1134-35, 188 L.Ed.2d at 35.
In this case, there was no objecting co-tenant present at the scene. The police did not remove defendant from his home to forestall a potential objection; defendant was detained elsewhere and was not at his home when the search was consented to and conducted. Accordingly, this case does not present a setting akin to Randolph, the narrow parameters of which were underscored by the Supreme Court in Fernandez. With the scope of Randolph having been clarified by Fernandez, it is clear that this case is not within the limitations of Randolph and that the police search of *350 defendant’s home simply did not run afoul of the Fourth Amendment.
Nonetheless, the majority holds that by virtue of an unlawful detention of defendant a short distance away from the residence at issue, the consent of defendant’s aunt, Thelma Coles, did not authorize the search of her home, and that defendant’s motion to suppress should have been granted. In so doing, the majority does not expressly state that it diverges from the federal constitutional principles recently articulated in Fernandez. Although the majority premises its holding on Article I, Paragraph 7 of the New Jersey Constitution, it finds support for its decision in the Supreme Court’s pronouncement in Fernandez, which it interprets to hold that a consent-based search is unconstitutional “when premised on defendant’s illegal detention,” no matter where that detention occurs. Ante at 474, 91 A.3d at 4.
In my view, the majority’s holding simply cannot be squared with federal precedent. In the wake of Fernandez — in which the Supreme Court adamantly limited Randolph to cases involving a co-tenant who is first present at, and then removed from, the scene — the majority nonetheless construes Randolph to govern a setting devoid of that dispositive factor. Because I do not concur with the majority’s interpretation of federal law, or its substantial expansion of New Jersey search and seizure protections beyond Fourth Amendment parameters, I respectfully dissent.
I.
The United States Supreme Court’s decision in Fernandez is the latest in a series of opinions addressing the impact of consent given by a person with authority over the premises to the search of a shared home. As the majority notes, the first such opinion was United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). There, the Supreme Court upheld a warrant-less, consent-based search of a defendant’s home based on the voluntary consent of a woman with whom the defendant lived after the defendant was arrested in his front yard and placed in a squad *351 car. Id. at 166, 169, 94 S.Ct. at 991, 992, 39 L.Ed.2d at 247, 248. The Supreme Court held that “the consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared.” Id. at 170, 94 S.Ct. at 993, 39 L.Ed.2d at 249. The Supreme Court later applied that principle set forth in Matlock to permit a search “based upon the consent of a third party whom the police, at the time of the entry, reasonably believe[d] ... possessed] common authority over the premises, but who in fact d[id] not do so.” Illinois v. Rodriguez, 497 U.S. 177, 179, 186, 110 S.Ct. 2793, 2796, 2800, 111 L.Ed.2d 148, 155, 160 (1990).
The sole exception to the rule of Matlock was defined by the Supreme Court in Randolph. There, the defendant was present at his home shortly after police arrived in response to a complaint of a domestic dispute. Randolph, supra, 547 U.S. at 107, 126 S.Ct. at 1519, 164 L.Ed.2d at 217. Although the defendant’s wife advised police that her husband used drugs and “volunteered that there were items of drug evidence in the house,” the defendant “unequivocally refused” to consent to a search of his home. Ibid. (internal quotation marks omitted). Police then turned to the defendant’s wife for consent, “which she readily gave.” Ibid. The Supreme Court held that the evidence generated by the search should have been suppressed, stating that in the circumstances presented, “a physically present co-occupant’s stated refusal to permit entry prevails, rendering the warrantless search unreasonable and invalid as to him.” Id. at 106, 126 S.Ct. at 1518-19, 164 L.Ed.2d at 217. In a passage quoted by the majority here, the Supreme Court distinguished between a potential objector with self-interest in objecting who “is in fact at the door” objecting, and a potential objector who is “nearby but not invited to take part in the threshold colloquy.” Id. at 121, 126 S.Ct. at 1527, 164 L.Ed.2d at 226. The former, ruled the Supreme Court, wins the argument; the latter “loses out.” Ibid.
If the Supreme Court in Randolph left some uncertainty as to whether its holding would afford Fourth Amendment protections *352 to a potential objector who is not “in fact at the door” because he is unlawfully detained elsewhere, there is no longer any such uncertainty after Fernandez. Although the majority cites Fernandez for the general proposition that the objective reasonableness test governs this Fourth Amendment analysis and that police control over the whereabouts of an absent tenant is distinct from neutral causes of that absence, the Supreme Court’s holding actually stands for much more. Indeed, it directly addresses the issue presented in this case.
Fernandez, supra, arose in the context of a police investigation into an alleged robbery. 571 U.S. at-, 134 S.Ct. at 1130, 188 L.Ed.2d at 30. When officers arrived at the scene, they observed a man who was later identified as the defendant run through an alley and into an apartment building. Id. at-, 134 S.Ct. at 1130, 188 L.Ed.2d at 31. Shortly thereafter, the officers “heard sounds of screaming and fighting coming from that building.” Ibid. The officers went to the apartment door, where they were met by a crying and apparently battered woman. Ibid. They asked the woman to step away from the door so that they could conduct a protective sweep. Ibid. Prior to entering, however, the officers immediately encountered the “[ajpparently agitated” defendant, who vehemently objected to their entry. Ibid. Suspecting that the defendant had assaulted the woman, the officers removed the defendant from the apartment, arrested him, and returned an hour later to search the apartment with the woman’s consent. Ibid.
The defendant in Fernandez argued that his case fit within the parameters of Randolph, contending that “his absence should not [have] mattered] since he was absent only because the police had taken him away.” Id. at -, 134 S.Ct. at 1134, 188 L.Ed.2d at 35. He also contended that “it was sufficient that he objected to the search while he was still present,” asserting that his objection “should remain in effect until the objecting party no longer wishes to keep the police out of his home.” Ibid, (internal quotation marks omitted). Rejecting both arguments, the Supreme Court *353 made clear that the touchstone of Randolph was the physical presence of the objecting occupant at the premises when the police sought consent for, and conducted, the search. Id. at -, 134 S.Ct. at 1134-35, 188 L.Ed.2d at 35. Writing for the majority, Justice Alito confirmed that an authorized occupant’s consent to search is vitiated only by the objection of a co-tenant present at the scene, or by the police removal of a co-tenant who was initially at home when the police arrived, but was removed from the premises in an apparent effort to forestall an objection. Ibid. The Court noted:
Our opinion in Randolph took great pains to emphasize that its holding was limited to situations in which the objecting occupant is physically present. We therefore refuse to extend Randolph to the very different situation in this case, where consent was provided by an abused woman well after her male partner had been removed from the apartment they shared.
[Id. at-, 134 S.Ct. at 1130, 188 L.Ed.2d at 30.]
Citing a litany of references in Randolph to the physical presence of the objecting defendant, the Supreme Court emphasized in Fernandez that its “opinion [in Randolph ] went to great lengths to make clear that its holding was limited to situations in which the objecting occupant is present. Again and again, the opinion of the Court stressed this controlling factor.” Id. at-, 134 S.Ct. at 1133-34, 188 L.Ed.2d at 34.
Accordingly, the Supreme Court held that “[t]he Randolph holding unequivocally requires the presence of the objecting occupant in every situation other than the one mentioned in the dictum discussed above.” Id. at --, 134 S.Ct. at 1134-35, 188 L.Ed.2d at 35. Importantly, the Supreme Court defined the Randolph dictum as constrained to the precise situation that it had addressed in that case. It found that consent by one occupant is sufficient as long as there is no “evidence that the police have removed the potentially objecting tenant from the entrance for the sake of avoiding a possible objection.” Id. at-, 134 S.Ct. at 1134, 188 L.Ed.2d at 35 (quoting Randolph, supra, 547 U.S. at 121, 126 S.Ct. at 1527, 164 L.Ed.2d at 226-27). Thus, the United States Supreme Court drew a bright line. It distinguished a co- *354 tenant present at the scene — who either directly asserts an objection to a police search or is initially present and then removed from his home by police to avoid a confrontation — from all other objecting occupants of homes searched by virtue of a co-tenant’s consent. Id. at-, 134 S.Ct. at 1134-35, 188 L.Ed.2d at 35.
In Fernandez, the Supreme Court further illuminated the distinction between present and absent co-tenants by commenting on the functional impact of the rule urged by the defendant in that case. Id. at -, 134 S.Ct. at 1135-36, 188 L.Ed.2d at 36. Dismissing the defendant’s contention that the prior objection of an absent occupant should remain in effect for a “reasonable” time, the Supreme Court noted the risk of miscommunication, confusion and uncertainty that would arise if an absent occupant’s objections were held to negate a co-tenant’s valid consent. Id. at -, 134 S.Ct. at 1135-36, 188 L.Ed.2d at 36-37. It held that “[i]f Randolph is taken at its word — that it applies only when the objector is standing in the door saying ‘stay out’ when officers propose to make a consent search — all of these problems disappear.” Id. at-, 134 S.Ct. at 1136, 188 L.Ed.2d at 37. The Supreme Court thus construed its prior holding in Randolph as unmistakably requiring either the objector’s personal presence at his or her home at the time of his or her objection, or his or her removal from the residence during an encounter with police, before the officers sought the co-tenant’s consent, as in Randolph. The United States Supreme Court chose a stark and simple test, identifying as the “controlling factor” for purposes of the Fourth Amendment “situations in which the objecting occupant is present” at the home. Id. at-, 134 S.Ct. at 1133, 188 L.Ed.2d at 34.
In my view, this case clearly falls outside of the narrow category of situations defined by the Supreme Court in Randolph and Fernandez. Here, the potentially objecting occupant was not present at the home when the police arrived, or at any time during the search. Defendant was detained away from his residence and it was only after his detention that he provided the police with the *355 name and address of his aunt. He was absent during the police communications with his aunt that led to her consent to the search of the residence. The Fernandez rule — which requires an objector to be present on the scene in order for the valid consent of a co-tenant to be nullified — is simply not satisfied on these facts.
In short, following Fernandez, I cannot reconcile the majority’s holding with the United States Supreme Court’s jurisprudence on this issue. To the extent that the majority concludes that its decision is supported by federal search and seizure jurisprudence, I respectfully disagree.
II.
Until this decision, this Court has interpreted the protection afforded by Article I, Paragraph 7 of the New Jersey Constitution with respect to the issue before the Court to be coextensive with the reach of the Fourth Amendment. This Court and the Appellate Division have repeatedly adopted and applied the principles of Matlock, supra, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 and Rodriguez, supra, 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 in a variety of settings. See, e.g., State v. Maristany, 133 N.J. 299, 305, 627 A.2d 1066 (1993) (stating, in reliance on Matlock and Rodriguez, that “[c]onsent may be obtained ... from a third party who possesses common authority over the property, or from a third party whom the police reasonably believe has authority to consent”) (internal citations omitted); State v. Suazo, 133 N.J. 315, 320-21, 627 A.2d 1074 (1993) (same); State v. Coyle, 119 N.J. 194, 215, 574 A.2d 951 (1990) (stating, in reliance on Matlock, that third party with common authority over residence can consent to search); State v. Crumb, 307 N.J.Super. 204, 243, 704 A.2d 952 (App.Div.1997) (same), certif. denied, 153 N.J. 215, 708 A.2d 66 (1998).
Indeed, in our unanimous decision on a residential consent search in State v. Lamb, 218 N.J. 300, 95 A.3d 123, 2014 WL 3672898 (2014), issued today, we interpret our jurisprudence to be guided by and consistent with Randolph and Fernandez. Lamb *356 arose from a setting different from that of this case. There, an initially objecting co-tenant was present at the scene, and then left the house, never renewing his objection. Id. at 304-05, 95 A.3d 123. It raises, however, the same general issue as this case: the constitutionality of a search conducted with the consent of one occupant in light of the potential objection of another occupant who shares authority over the premises. Id. at 309-11, 95 A.3d 123. Relying on the United States Supreme Court’s decisions in Fernandez and Randolph, the Court in Lamb rejected the defendant’s argument that his stepfather’s objection to a search consented to by his mother required suppression. Id. at 319-20, 95 A.3d 123. The Court applied Fernandez to reject the defendant’s expansive interpretation of Randolph. Id. at 320, 95 A.3d 123.
Thus, in my view, the Court has properly embraced and applied the United States Supreme Court’s analysis of this issue in cases other than this one, up to and including today’s decision in Lamb. As this Court has noted, “we proceed cautiously before declaring rights under our state Constitution that differ significantly from those enumerated by the United States Supreme Court in its interpretation of the federal Constitution.” Right to Choose v. Byrne, 91 N.J. 287, 301, 450 A.2d 925 (1982) (citing State v. Hunt, 91 N.J. 338, 344-45, 450 A.2d 952 (1982)). That “caution emanates, in part, from our recognition of the general advisability in a federal system of uniform interpretation of identical constitutional provisions.” Ibid. In the search and seizure setting, “enforcement of criminal laws in federal and state courts, sometimes involving the identical episodes, encourages application of uniform rules.” Hunt, supra, 91 N.J. at 345, 450 A.2d 952.
When it has decided to afford more expansive rights under the New Jersey Constitution than exist in federal law in a search and seizure case, this Court has identified its reasons for concluding that the decisions of the United States Supreme Court do not adequately vindicate the constitutional right at issue. See, e.g., State v. Brown, 216 N.J. 508, 528-29, 83 A.3d 45 (2014) (stating *357 New Jersey’s rule regarding standing to file motion to suppress); State v. Novembrino, 105 N.J. 95, 157-58, 519 A.2d 820 (1987) (declining to recognize good-faith exception to exclusionary rule); Hunt, supra, 91 N.J. at 345, 450 A.2d 952 (articulating “[s]ound policy reasons” for departure from federal law with respect to police access to telephone billing records). This case, I respectfully submit, presents no reason for New Jersey search and seizure law to deviate from Fourth Amendment jurisprudence. Consistent with the standard of objective reasonableness that governs Fourth Amendment analysis, the Supreme Court’s holdings in Randolph and Fernandez require police officers to respect a present occupant’s manifest objection to a search, but do not compel them to engage in speculation about what an absent person would have done or said, had he or she been at home when police arrived. With no “objector ... standing in the door saying ‘stay out,’ ” in this case, Fernandez, supra, 571 U.S. at-, 134 S.Ct. at 1136, 188 L.Ed.2d at 37, the majority necessarily assumes that had he been released, defendant would have returned home immediately and objected to the search of the residence — notwithstanding the consent of his aunt, who was evidently the senior member of a three-generation household. In my view, given the rapid decisions that must be made by law enforcement as an investigation unfolds, the majority’s opinion risks miscommunication and introduces uncertainty, which is precisely what the Supreme Court sought to eliminate with the bright-line rule announced in Fernandez.
In sum, I would interpret Article I, Paragraph 7 in alignment with the Fourth Amendment analysis set forth in Randolph, and Fernandez, and would accordingly reverse the Appellate Division’s determination. I respectfully dissent.
For affirmance as modified — Chief Justice RABNER, Justice LaVECCHIA and ALBIN and Judges RODRÍGUEZ (temporarily assigned) and CUFF (temporarily assigned) — 5.
For Reversal — Justice PATTERSON — 1.